IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RICHARD SHIELDS, CY-8413, )
    Petitioner, )
                              )
       v. ) 2:10-cv-1082
                              )
DANIEL P. BURNS, et al., )

Memorandum and Order

Mitchell, M.J.:

Richard Shields has presented a petition for a writ of habeas corpus   Because the petition is time barred, it will be dismissed and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability will be denied.

Shields is presently incarcerated at the State Correctional Institution at Laurel Highlands serving a seven and a half to fifteen year sentence to be followed by five years probation following his conviction, by a jury, of rape, statutory rape and corruption of minors at No. CC9406534 in the Court of Common Pleas of Allegheny County, Pennsylvania. This sentence was imposed on March 19, 1996.[1]

Appended to the petition, Shields has provided a chronology of events as set forth in the May 12, 2010 Memorandum of the Superior Court:

> Appellant, Richard A. Shields, appeals from the September 1, 2009 order dismissing his third petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546 ...

---

[1] See: Petition at §§ 1-7.

A direct appeal was filed to the Superior Court of Pennsylvania on April 4, 1996.... On May 8, 1998, the Superior Court ... affirmed Shields' judgment of sentence...

On February 20, 1999, Appellant filed a pro se petition for a writ of habeas corpus which was denied by the trial court on January 20, 2000... Appellant filed an appeal with this Court on March 9, 2000. On February 28, 2001, this Court found that Appellant's petition should have been treated as a first PCRA and therefore counsel should have been appointed. This Court reversed the order denying Appellant's petition and remanded to the trial court...

On remand the trial court appointed counsel and Appellant filed an amended PCRA petition on October 17, 2001 ... and the PCRA court denied Appellant"s PCRA petition on March 26, 2001. Appellant filed an appeal with this Court and on May 10, 2004 we affirmed the PCRA court's denial of Appellant's PCRA petition... Thereafter, on June 8, 2005, Appellant's petition for allowance of appeal with the Supreme Court of Pennsylvania was denied.

On August 18, 2005, Appellant filed has second pro se PCRA petition... the PCRA court dismissed the petition on the basis that the [Rule 1925(b)] statement was untimely. This Court affirmed the court's order ... In a footnote, however, this Court noted that even if we were to ignore the untimely 1925(b) statement we would have affirmed the PCRA court's dismissal on the basis that the PCRA petition was untimely... a petition for allowance of appeal to the Supreme Court of Pennsylvania ... was denied on June 13, 2007...

On June 19, 2009, Appellant filed this, his third PCRA petition, which was dismissed on September 1, 2009... Appellant file a pro se notice of appeal on September 11, 2009...

Before addressing Appellant's issues, we mut determine whether we have jurisdiction over the appeal before us. "Section 9545(b)(1) of the PCRA requires that any PCRA petition, including second or subsequent petitions, must be filed within one year of the date the judgment becomes final." (citations omitted).

After reviewing the record in this matter, we conclude that Appellant's judgment of sentence became final on June 8, 1998, 30 days after this Court affirmed the judgment of sentence on May 8, 1998, and upon expiration of the period to file a petition for allowance of appeal in our Supreme Court. Once Appellant's judgment of sentence became final, Appellant had one year, or until June 8, 1999, within which to seek PCRA relief. Appellant's instant petition filed on June 18, 2009 is patently untimely. Therefore, Appellant's third PCRA petition, filed on June 19, 2009, is untimely...

Appellant does not allege any of these three exceptions [to a timely filing] nor does he prove that any time-bar exceptions are applicable. Appellant's petition is therefore time-barred...

In a similar manner, it is provided in 28 U.S.C. § 2244(d)(1) and (d)(2) that:

(1) A 1-year period of limitation shall apply to the application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In the instant case, the Pennsylvania Superior Court affirmed the judgment of sentence on May 8, 1998 and leave to appeal to the Pennsylvania Supreme Court was apparently not sought. In <u>Kapral v. United States</u>, 166 F.3d 565 (3d Cir.1999), the Court noted that in the absence of the filing of a petition for discretionary review, the judgment becomes final when the time period in which to seek that review expires. Thus, the petitioner's conviction became final on June 7, 1998 (Pa.R.App.P. 1113(a)).

The effective date of the Antiterrorism and Effective Death Penalty Act which imposed the one year statute of limitations is April 24, 1996 and thus it is applicable here. The petitioner sought timely "post-conviction relief" on February 20, 1999, and that relief was ultimately

3

denied on March 26, 2001; the denial of post-conviction relief was affirmed by the Superior Court on May 10, 2004 and leave to appeal to the Pennsylvania Supreme Court was denied on June 8, 2005. Although the petitioner filed two other post-conviction petitions they were deemed untimely and for this reason cannot be deemed as having been properly filed. Pace v. DiGiglielmo, 544 U.S. 408 (2005).

The instant petition was executed on August 10, 2010, or considerably beyond the one year period in which to seek relief expired, and the petition here is time barred. For this reason, the petition of Richard Shields will be dismissed and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability will be denied.

The petitioner will be granted fourteen days in which to show cause why judgment should not be entered accordingly.

ORDER

AND NOW, this 31st day of August, 2010, for the reasons set forth in the foregoing Memorandum, the petition of Richard Shields for a writ of habeas corpus is dismissed, and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability is denied;

IT IS FURTHER ORDERED that within fourteen (14) days of this date, the petitioner show cause, if any, why judgment should not be entered accordingly.

s/ Robert C. Mitchell
United States Magistrate Judge